THE MERCHANTS COLD STORAGE & WAREHOUSE CO. *vs.*
WALTER L. CLARKE, C. T.

JUNE 17, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)   Taxation.   Property in Possession of Bailee.*

In assessing a tax under the provisions of par. 1 of sec. 9 of cap. 57, Gen.
Laws, 1909, as amended by Pub. Laws, cap. 1209, against tangible personal
property in the hands of a warehouse keeper who at the time of such assess-
ment had in his hands a great number of separate bailments subject to the
orders of their several owners, it not appearing that any sworn return to the
assessors had been made by such warehouse keeper, the assessors have no
right to assess a tax against all the property in the hands of the warehouse
keeper as bailee as though it was a single bailment nor have they the right
to assess a tax against one of a number of parcels of personal property in the
hands of such warehouse keeper as bailee without in some manner identifying
such parcel.

*(2)   Taxation.   Filing Return.   Illegal Taxation.*

While a taxpayer who has made no return may not be able to complain of
overtaxation he can complain of illegal taxation.

ASSUMPSIT to recover tax paid under protest.   Heard on
questions of law certified by Superior Court.

SWEETLAND, C. J.   The above entitled cause is an action
of assumpsit brought to recover from the defendant as city
treasurer of Providence the amount of a tax paid by the
plaintiff corporation to said city treasurer under protest
and which tax the plaintiff alleges was wrongfully and
illegally assessed against it on June 15, 1915.

The plaintiff alleges in its amended declaration that in the
conduct of its cold storage and warehouse business it had in
its possession on said June 15, 1915, by virtue of various
contracts of bailment, many barrels, boxes, and other
packages containing different kinds of merchandise, each of
which contracts the plaintiff had made with a distinct
individual, firm or corporation; that said individuals, firms
and corporations were respectively the owners in severalty
of said containers and the merchandise therein which they
had separately placed in the plaintiff's possession as bailee;

that the assessors of taxes of said city on June 15, 1915, assessed a tax against said plaintiff "upon the entire property then and there under bailment in the possession of the plaintiff as aforesaid as the property of a bailee unknown to them and as though the same was the property of a single bailor and thereby rendered it impossible for the plaintiff to apportion said tax upon the said several bailments of property then and there in its possession as aforesaid and impossible for it to recoup itself for any portion whatsoever of said tax."

The defendant claims that said assessment was made in accordance with law under the provisions of Section 9 Chapter 57, General Laws, 1909, as amended by Section 39 of the Tax Act of 1912 and by Section 1, Chapter 1209, Public Laws, 1915. Said Section 9, as amended, so far as the same relates to the matters now under consideration is as follows: "*Provided, however*, that if any tangible personal property aforesaid located in any town and belonging to any person, co-partnership, corporation, joint stock company or association unknown to the assessors shall be in the possession or custody of any agent, consignee, bailee or other person or persons acting in a contractual representative capacity for said owner unknown to the assessors, it shall be taxed to said agent, consignee, bailee or other representative, and the said agent, consignee, bailee or other representative shall be personally liable for the tax so assessed against him on the property in his possession or custody owned as aforesaid, and shall have a lien on the property of the said person unknown to the assessors for the tax paid on said unknown person's property;"

The cause is before us upon the following questions of law certified by the Presiding Justice of the Superior Court to this court for determination.

"1. In assessing a tax under the provisions of paragraph one of Section 9 of Chapter 57 of the General Laws, as amended by Chapter 1209 of the Public Laws, against tangible personal property in the hands of a warehouse

keeper who, at the time of such assessment, has in his hands a great number of separate bailments of tangible personal property subject to the orders of the several owners thereof, as set forth in the first and second counts of the amended declaration, it not appearing that any sworn return to the assessors had been made by such warehouse keeper, have the assessors of taxes the right to assess such tax against the entire property in the hands of the warehouse keeper as bailee, as set forth in the first count of the amended declaration, as though it were a single bailment or is it their duty to describe each bailment and assess a separate tax thereon so that the warehouse keeper can identify each such bailment and so that he can recover from the person entitled thereto the tax paid by him as bailee thereon?

"2.   In assessing a tax under the provisions of paragraph one of Section 9 of Chapter 57 of the General Laws, as amended by Chapter 1209 of the Public Laws, against tangible personal property in the hands of a warehouse keeper who, at the time of such assessment, has in his hands a great number of separate bailments of tangible personal property subject to the orders of the several owners thereof as set forth in the first and second counts of the amended declaration, have the assessors of taxes the right to assess such tax against a single bailment in the hands of the warehouse keeper as bailee, as set forth in the second count of the amended declaration, it not appearing that any sworn return to the assessors had been made by such warehouse keeper, without describing the property so assessed or the owner thereof or identifying such bailment in some manner so that the warehouse keeper can distinguish such bailment from the other bailments then in his hands and so that he can recover from the person entitled thereto the tax paid by him as bailee?"

The statutory provisions quoted above clearly authorized and directed the tax assessors of Providence to tax to the plaintiff any tangible personal property in its hands as bailee belonging to an owner unknown to the assessors.

Said statute also secured the plaintiff against loss on account of the payment by it of a tax on property so taxed to it as bailee by giving to it a lien on said property for the tax which it was required to pay. The power in the bailee to recoup is correlative to his obligation to pay the tax assessed against him in accordance with the statute. To require a bailee to pay a tax upon the property of another when such tax has been assessed in such a manner that it is impossible for the bailee to recoup the amount of the tax so paid would be to deprive him of his property illegally and said assessment should not be upheld.

The questions certified present the condition of a warehouse keeper who has in his possession a great number of separate parcels of tangible personal property, each held upon a separate contract of bailment. The subject of each bailment belongs to a different owner, and in the case of each bailment the owner is unknown to the assessors. If the tangible personal property which is the subject of any particular bailment is to be taxed to the warehouse keeper in accordance with the statute he is entitled to know to which of the many parcels held by him as bailee the assessment relates, in order that after payment of the tax he may be able to enforce a statutory lien upon the particular property in regard to which the lien has arisen. One method by which such information might be given to him would be for the assessors to designate in some manner upon their assessment roll the particular parcel of property, held by a warehouse keeper as bailee, that the assessors intend to tax to such warehouse keeper. The defendant contends that the assessors in their assessment are not required by law to separately describe articles or parcels of personal property. In *Stone* v. *Norris*, 40 R. I. 477, we have held that in the circumstances of that case the assessors were not required to specify upon the assessment roll the separate articles of personal property assessed to their owner; and the rule in that case has general application in the assessment of personal property to its owner. In several cases,

however, we have recognized that when the protection of the taxpayer required that he should be informed of the kind of personal property for which he was taxed then from the necessities of the case the assessors should be required to specify upon their assessment roll the nature of the personal property assessed. The reasons which justified the exception to the general rule recognized in those cases apply with equal force in the matter now under consideration. *Dunnell Mfg. Co.* v. *Newell*, 15 R. I. 233; *Rumford Chemical Works* v. *Ray*, 19 R. I. 302; *Newport Reading-Room* v. *Higbee, Petitioners*, 21 R. I. 440.

The defendant urges that the plaintiff cannot question the assessment of June 15, 1915, against it as bailee because it failed to bring in to the assessors a true and exact account of the ratable estate owned or possessed by it as required by law. If the plaintiff was required by law to bring in an account of the property held by it as bailee, as the defendant contends, the effect of the plaintiff's failure to do so under the provisions of the statute is that it cannot complain of overtaxation but it would nevertheless have a remedy for illegal taxation. The objection of the plaintiff is based upon alleged illegal taxation solely. It makes no objection to the amount of the tax assessed against it as bailee of the entire property but complains that said tax was so assessed that, having paid the tax, it is unable to enforce the lien therefor, which has been given to it by statute. If the plaintiff had brought in its account and the assessors had adopted the same as a true account, the plaintiff's position would be no better than it now is unless the assessors had designated on their assessment roll the separate parcels of personal property taxed to the plaintiff and had separately valued each.

The defendant further contends that the assessors had no means of ascertaining the description of the merchandise held by the plaintiff as bailee and hence would be unable to describe the same in their assessment roll. The defendant points out that in a statute having a similar purpose in Massachusetts a method is provided whereby assessors may

gain such information, but the Rhode Island statute is silent in that regard. The relief of the assessors in this matter lies in an application to the General Assembly for an amplification of our statute. The omission pointed out does not compel the plaintiff to submit to illegal taxation but it can still claim the protection to which it is constitutionally entitled and which the statute under consideration sought to give to it through the medium of a lien.

To the first question certified to us we say that in the circumstances stated therein the assessors did not have the right to assess a tax against all the property in the hands of the warehouse keeper as bailee as though it was a single bailment; and to the second, that the assessors did not have the right to assess a tax against one of a number of parcels of personal property in the hands of a warehouse keeper as bailee without in some manner identifying such parcel.

The papers in the cause are sent back to the Superior Court with this decision certified thereon.

*Morgan & Morgan*, for plaintiff.

*Elmer S. Chace, City Solicitor, Henry C. Cram, Ellis L. Yatman, Assistant City Solicitors*, for defendant.

